Burnis MARTIN, Appellant,

v.

Duran MOORE, Clerk, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1957.

Paul E. Hayes, Prestonsburg, for appellant.

Hollie Conley, Robert S. Wellman, Prestonsburg, for appellees.

CLAY, Commissioner.

In this declaratory judgment action we are confronted with the problem of printing a proper ballot or ballots for the November 5th elections to be held in the Twenty-ninth Senatorial District. The difficulty is presented because both a general and a special election will be held on that day in the counties composing the district, and because of the time element, if the candidates in both elections are combined on one ballot, it is likely that absentee voters will be disfranchised.

On November 5 there will be a regular election for certain county offices. By virtue of a proclamation of the Governor, there will also be held on that day in the Twenty-ninth Senatorial District a special election to fill the office of State Senator, which became vacant due to the death of Senator Hayes. The candidates in the regular election have long since been selected. Under KRS 121.070 candidates in the special election may file up to within 10 days of the day of the election. It is, therefore, apparent that with respect to a ballot for the regular election the county clerk now has all the information necessary to print that ballot, but he will not know until less than 10 days before November 5 (when the Secretary of State so certifies) the complete list of candidates in the special election. Under KRS 118.190 the clerk is not required to print a ballot for a special election until "at least two days" before the election.

The position of appellant (a special election candidate) is that separate ballots should be printed for the two elections held on the same day. The regular election ballot could be printed now, and could be furnished in ample time to absentee voters under the provisions of KRS Chapter 126. Due to the shortness of time available to print the names of the candidates in the special election on a ballot, the ability of the Clerk to furnish those names to absentee voters is seriously in doubt. However, the special trial judge was of the opinion that the fairest way out of this almost impossible situation was to: (1) place all candidates for both elections on a single ballot (clearly designating the two different elections), and (2) print this one ballot forthwith after the time had expired for filing as a candidate in the special election under KRS 121.070 and the Secretary of State had certified the names (10 days or less before the election).

We are of the opinion that the solution of the trial judge would impose undue hardship upon the county clerk and might well fail to accomplish the purpose of protecting

the rights of the absentee voters. Although we do not decide the question, it could well be argued that since under KRS 118.190 the clerk is not required to print a ballot in a special election until two days before the special election, the legislature effectively denied the right of absentee voters to vote in a special election.

As it is clear that these are two entirely separate and distinct elections, and since the legislature has failed to provide a satisfactory combined method of procedure, and in view of the practicalities of the situation, we conclude that the best interests of all concerned would be served by having a separate ballot printed for each of the elections. Each of the two ballots shall be sent separately by the county clerk, in accordance with the provisions of KRS 126.190, to those who have properly applied for an absent voter's ballot.

The judgment is reversed for the entry of one consistent with this opinion.